IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRUCE MAURICE WILLIAMS,

    Plaintiff,
v.                                                                           CASE NO. 1:16-cv-364-MW-GRJ

ERIC SCOTT SOBEL, et al.,

    Defendants.
_____/

## **ORDER AND REPORT & RECOMMENDATION**

This matter is before the Court on ECF No. 9, Plaintiff's Second Amended Complaint, and ECF No. 10, Plaintiff's First Amended Motion for Leave to Proceed as a Pauper.

The Court has reviewed Plaintiff's motion for leave to proceed in forma pauperis and affidavit of financial status and finds that Plaintiff is unable to prepay the costs of this action pursuant to 28 U.S.C. § 1915(a). Thus, Plaintiff's first amended motion for leave to proceed in forma pauperis, ECF No. 10, is due to be granted.

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. § 1915(e). A

claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*, 129 S. Ct. 1937*).* The screening process under § 1915A also applies to non-prisoner *pro se* litigants who are proceeding in forma pauperis. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002).

Plaintiff, proceeding *pro se*, asserts claims against four Defendants: (1) Erick Scott Sobel, M.D.; (2) Roland Staud, M.D.; (3) Westley H. Reeves, M.D.; and (4) the University of Florida. (ECF No. 9.)[1] Plaintiff

---

[1] Although Plaintiff's case caption does not include the University of Florida as a Defendant, he clearly asserts that the University of Florida is a Defendant in this matter. (ECF NO. 9 at 4.) The **Clerk** is directed to correct the docket accordingly.

claims that Defendants violated his rights under: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.*; (2) the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621–34; and (3) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–17.

Plaintiff is an African American male who claims he is disabled and rubs his lip due to chronic pain. According to Plaintiff, in January 2014, Dr. Sobel interviewed Plaintiff for employment as a research assistant in the Rheumatology Department at the University of Florida. At the time, Dr. Sobel knew about Plaintiff's disability. The interviewer told Plaintiff that Plaintiff was the best applicant for the position. Dr. Reeves, however, said to someone that they would not hire Plaintiff because he rubs his lip due to pain.

Plaintiff says that despite being the best applicant he was not hired for the research assistant position. Plaintiff claims the decision not to hire him was based on his race and disability. Plaintiff also alleges that Dr. Staud was involved because he is on the research team for which Plaintiff applied.

After Plaintiff was not hired he filed charges with the Equal

Employment Opportunity Commission ("EEOC"). Plaintiff asserted in the EEOC charging document that Defendants discriminated against Plaintiff because of Plaintiff's race and disability. On January 12, 2015, the EEOC issued a Notice of Right to Sue Letter, which Plaintiff received on January 15, 2015. Plaintiff also filed charges concerning this discrimination with the Florida Commission on Human Relations.

Plaintiff says his self-esteem and character were damaged as a result of not being hired. He requests $80,000 in damages and an order directing Defendants to employ him. He also requests that Defendants "take under consideration the curing of genetic disease as a possible means to treat arthritis." (*Id.* at 11.)

Plaintiff's complaint suffers from several deficiencies. First, Title VII, ADA, and ADEA claims may only be asserted against an employer—none of these acts afford a cause of action against an employee in his individual capacity. *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute violations of the Act."). Thus, although Plaintiff names the three individual Defendants in this case, Plaintiff may only

assert his claims against Defendant University of Florida.[2]

Second, Plaintiff has asserted no plausible allegations that suggest he was discriminated on the basis of age or race. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951-53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."

Title VII of the Civil Rights Act "prohibits all discrimination in employment based upon race, sex, and national origin." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981). A plaintiff may

---

[2] Additionally, the University of Florida is not a proper party subject to suit. Rather, the proper party is the Board of Trustees of the University of Florida.

establish a prima facie case of racial discrimination under Title VII by showing "(1) he belongs to a racial minority; (2) he was subjected to adverse job action; (3) the employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Additionally, the ADEA prohibits an employer from failing or refusing to hire an individual solely because of the individual's age. 29 U.S.C. § 623(a)(1).

> In an ADEA case involving . . . failure to hire, a plaintiff may establish a prima facie case by showing: (1) that he was a member of the protected group of persons between the ages of forty and seventy; (2) that he was subject to adverse employment action; (3) that a substantially younger person filled the position that he sought or from which he was discharged; and (4) that he was qualified to do the job for which he was rejected.

*Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998) (citations omitted). "Liability in a disparate treatment case depends upon whether a plaintiff's race or age actually motivated the employer's decision, i.e., whether the employer had discriminatory intent." *Johnson v. Gestamp Ala., LLC*, 946 F. Supp. 2d 1180, 1194 (N.D. Ala. 2013) (citations omitted).

Plaintiff's complaint, however, is wholly devoid of any allegations

even related to his age or the age of the person that Defendants ultimately hired. Similarly, his complaint fails to suggest how he was discriminated against on the basis of race. Rather, Plaintiff has offered nothing more than conclusory allegations that he was discriminated against based on his age and race. These conclusory allegations are insufficient to state a claim for relief. Although typically the Court would allow a *pro-se* party to amend his complaint, amendment here would be futile because Plaintiff's claims are barred by the statute of limitations.

In the context of an IFP frivolity determination under § 1915(e), "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *Clark v. State of Ga. Bd. of Pardons and Paroles*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* Nonetheless, in order to dismiss a complaint as time-barred prior to service, "it must appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar." *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citations omitted).

Turning first to Plaintiff's ADEA claim,

> [t]he ADEA requires that an individual exhaust all available remedies by filing a charge of unlawful discrimination with the EEOC before filing a lawsuit. . . . . For a[n] [ADEA] charge to be timely in Florida, a deferral state, it must be filed not more than 300 days after the alleged unlawful employment practice occurred. . . . . The employee must then wait at least 60 days before filing a civil action. . . . . If the EEOC issues the employee a right-to-sue letter, the employee must file a complaint within 90 days of the receipt of the right-to-sue letter.

*Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004) (internal citations omitted).  Plaintiff alleges the unlawful actions occurred in January 2014. Plaintiff further represents that he did not assert his ADEA claim in his EEOC charging document. *See* ECF No. 9 at 9–10. More than 300 days have elapsed since January 2014. Accordingly, Plaintiff could not now assert his ADEA claim with the EEOC.  Therefore, because Plaintiff can no longer file the claim with the EEOC, he has not and cannot exhaust all available remedies prior to filing his federal complaint. *See Smith v. Quintiles Transnational Corp.*, 509 F. Supp. 1193, 1208 (M.D. Fla. 2007) (plaintiff did not exhaust her administrative remedies with regards to the allegations of age discrimination because she never asserted those claims in the EEOC proceedings).

With respect to Plaintiff's Title VII and ADA claims, those claims are

barred by the 90-day filing deadline. Similarly, even if Plaintiff did assert his ADEA claim in the EEOC charging document, his ADEA claim would nonetheless also be barred by the 90-day filing deadline.

A plaintiff must initiate a claim in federal court within 90 days after receipt of an EEOC "right-to-sue" letter. 42 U.S.C. § 2000e-5(f)(1); *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012); *Bost*, 372 F.3d at 1238. Plaintiff received the Notice of Right to Sue letter on January 15, 2015. Plaintiff did not file the complaint in this case until December 7, 2016. (ECF No. 1.) Accordingly, more than 90 days elapsed between the time Plaintiff received the Notice of Right to Sue letter and the time he filed his case in federal court.

In his complaint, Plaintiff makes reference to removing his case from state court. (ECF No. 9 at 14.) According to Alachua County Circuit Court records, Plaintiff filed a case in state court on March 9, 2015, claiming that Defendant University of Florida discriminated against him by failing to hire Plaintiff due to his disability. *See Williams v. University of Florida*, No. 01-2015-CA-000842 (Fla. Alachua County Ct. Mar. 9, 2015). The state court dismissed his complaint without prejudice on September 22, 2015, for failure to respond to the court's order to show cause. *Id.* Plaintiff

subsequently appealed to the First DCA, which also dismissed his appeal on July 5, 2016, for failure to comply with the court's orders. *Id.* Plaintiff then pursued review in the Florida Supreme Court, which also dismissed his case on December 7, 2016. *Id.*

Although Plaintiff appears to have filed a complaint in state court regarding the same ADA claim at issue here, the 90-day statue of limitations was not tolled during the pendency of his state court case. As the Eleventh Circuit has stated:

> We have recognized three distinct situations in which the Title VII limitation periods may be equitably tolled: (1) during the pendency of an action against the same parties and involving the same cause of action in a state court which had jurisdiction over the subject matter of the suit but was the wrong forum under state law; (2) when the defendant concealed facts that support the plaintiff's cause of action, until such time as the plaintiff knew or should have known of these facts; and (3) when the EEOC misleads a complainant about the nature of his rights under Title VII.

*Jones v. Wynne*, 266 F. App'x 903, 906 (11th Cir. 2008) (citing *Chappell v. Emco Mach. Works Co.,* 601 F.2d 1295, 1302–03 (5th Cir. 1979)). But, the Eleventh Circuit has "rejected arguments that pursuit of other remedies affects an employees's duty to assert Title VII claims within applicable periods of limitations." *Id.* (citing *Stafford v. Muscogee Cnty. Bd. of Educ.*, 688 F.2d 1383, 1388 (11th Cir. 1982)). For example, "the Eleventh Circuit

has declined to apply equitable tolling after a timely-filed complaint was dismissed without prejudice and a subsequent complaint was filed beyond the limitations period." *Powell v. Indep. Inventory Serv. Inc.*, No. 8:12-cv-237-T-30TBM, 2012 WL 1964179, at *3 (M.D. Fla. May 10, 2012) (citing *Bost*, 372 F.3d at 1242) (dismissal of a complaint without prejudice does not allow a later complaint to be filed outside the limitations period); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations . . . ."); *see also Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (plaintiff's Title VII suit was time-barred because although plaintiff's original Title VII claim was timely and later dismissed without prejudice for want of prosecution, the original lawsuit did not toll the 90-day period for the Title VII claim).

Even though Plaintiff may have timely filed his discrimination claim in state court, the state court case was dismissed without prejudice. This does not toll the 90-day period for Plaintiff's Title VII, ADA, and ADEA claims. Plaintiff had 90 days to choose which venue to bring his claims—either state court or federal court. Plaintiff opted to initially pursue

his claims in state court.[3] While the claims were dismissed without prejudice, the dismissal was not based on improper forum under state law. Accordingly, Plaintiff's Title VII, ADA, and ADEA claims are time-barred and should be dismissed for failure to state a cause of action upon which relief may be brought.

Accordingly, upon due consideration, it is **ORDERED**:

1. Plaintiff's first amended motion to proceed in forma pauperis, ECF No. 10, is **GRANTED**;[4] and

It is respectfully **RECOMMENDED** that:

2. Plaintiff's first amended complaint, ECF No. 9, should be **DISMISSED**, and the case closed.

**DONE AND ORDERED** this 1st day of February, 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[3] Moreover, it is questionable whether Plaintiff even asserted his Title VII and ADEA claims in state court.

[4] Accordingly, the **Clerk** is directed to **TERMINATE** Plaintiff's pending motion for leave to proceed in forma pauperis, ECF No. 7.